**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VALERIE GRAY**                                                                          **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.: 3:25-cv-338-MPM-JMV**

**VENANPRI GROUP AND AGRISOLUTIONS
WEAR TECHNOLOGY CORP.**                                                    **DEFENDANT**

### ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT

This matter is before the court on Defendant Venanpri Group's Motion to Set Aside Clerk's Entry of Default [Doc. 21]. The motion was filed on May 14, 2026. On June 2, 2026, the *pro se* Plaintiff filed a response in opposition [Doc. 27]. On June 9, 2026, Venanpri Group filed its reply in support of the instant motion [Doc. 28]. Upon due consideration of the motion and the applicable law, the court finds, for good cause, that Defendant's Motion to Set Aside Entry of Default [Doc. 21] should be granted.

### Procedural Background

Plaintiff, who is proceeding *pro se*, filed a lawsuit against Venanpri Group and Agrisolutions Wear Technology Corp. on November 24, 2025 [Doc. 1]. Plaintiff served Venanpri Group on January 20, 2026 [Doc. 6] and/or February 18, 2026 [Doc. 7].

Venanpri Group attempted to file a motion to dismiss on March 16, 2026 [Doc. 11], which was stricken by the undersigned on the ground that corporate entities may not be represented by a non-lawyer [Doc. 12]. Plaintiff sought entry of default against Venanpri Group on May 4, 2026 [Doc. 17][1], and the Clerk entered default against Venanpri Group on May 8, 2026 [Doc. 18]. The instant motion to set aside the entry of default was filed on May 14, 2026. [Doc. 21].

---

[1] The *pro se* Plaintiff had previously filed a motion for entry of default against Venanpri Group on March 20, 2026, [Doc. 14], but the Clerk declined to enter default on April 28, 2026 [Doc. 16].

**Law and Analysis**

Regarding the standard of review for setting aside a clerk's entry of default, it is well recognized whether to do so is "within the sound discretion of the district court." *U.S. v. Gentry*, No. 1:12-cv-215-SA-DAS, 2014 WL 4352094, at *2 (N.D. Miss. Sept. 2, 2014) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Under Federal Rule of Civil Procedure 55(c), the standard to set aside an entry of default is "good cause." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

The term "good cause" is one that is "not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Withers v. City of Aberdeen*, No. 1:24cv218-SA-RP, 2025 WL 2997866, *1 (N.D. Miss. Oct. 24, 2025). That said, "courts universally favor trial on the merits," with appellate courts leaving the decision as to whether to set aside an entry of default "to the sound discretion of the trial court," although that discretion "is not unlimited." *Id.*

In reviewing a request to set aside an entry of default, Courts look at (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Id.* Courts may also consider whether a "defendant acted expeditiously to correct the default." *Lacy*, 227 F.3d at 292.

With regard to the first factor, whether the default was willful, the Court finds that this factor weighs in favor of setting aside the entry of default. Venanpri Group attempted to file a motion to dismiss in response to the complaint. *See* [Doc. 11], which has been stricken pursuant to [Doc. 12]. While the Court found that the motion was improperly filed by a non-lawyer on behalf of a corporate defendant, it cannot be said that Venanpri Group has not made an effort to defend the lawsuit. However, Plaintiff argues that the VP's attempted answer was not an innocent

procedural error; rather, it was "a procedural defect that every corporate defendant knows or should know is impermissible." [Doc. 27] at 3. In its reply, Venanpri Group argues that "[e]ven if [it] was negligent in not hiring counsel immediately, its conduct was not willful. The fact that [it] responded to the Complaint, albeit improperly initially, shows that [it] intended to defend the lawsuit." [Doc. 28] at 2. The undersigned agrees and finds that this factor weighs in Venanpri Group's favor.

The second factor requires the Court to consider whether setting aside the entry of default would prejudice the adversary. In *Lacy*, the Court found that no prejudice arises "where the setting aside of the default has done no harm to plaintiff except require it to prove its case." 227 F.3d at 293. Along those same lines, "mere delay does not alone constitute prejudice." *Id.* Instead, the plaintiff has to "show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion" in order to avoid the setting aside of an entry of default under this factor. *Id.*

In her reply, the Plaintiff argues that the co-defendant, Agrisolutions Wear Technology, is no longer in business and that if the default entered against Venanpri Group is set aside and Venanpri Group is permitted to file its motion to dismiss, she may be left "with a judgment against an empty shell corporation." [Doc. 27] at 4. She further argues that "[t]his is the difference between a remedy and no remedy" and "that constitutes real, concrete prejudice." *Id.* In its reply, Venanpri Group notes that the Plaintiff does not argue that she cannot prove the elements of her case because of delay caused by Venanpri Group in responding to her complaint. [Doc. 28] at 2. The Court agrees, and finds that the second factor weighs in favor of setting aside the default because Plaintiff will not be prejudiced, as that term has been defined by the Courts, if Venanpri Group is permitted to proceed forward with its defense.

The third factor asks the Court to consider whether a meritorious defense has been presented. A defendant is not required to prove its defenses at this stage in order for an entry of default to be set aside but is, instead, simply required to show that it has a "meritorious" defense – one that is "sufficient to support a finding on the merits for the defaulting party." *Id*.; *see also Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (noting that a defense is "measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense"). Here, Venanpri Group has attached a proposed motion to dismiss as Exhibit 1 to the instant motion to set aside default, which it intends to file if the instant motion is granted. Therein, Venanpri Group argues that it "cannot be held liable as a matter of law on the plaintiff's Title VII claims since it was not the plaintiff's employer." Ex. 1 to [Doc. 21].

Plaintiff presents a detailed argument in response to the third factor, arguing that Venanpri Group's affidavit submitted to the Court is "materially false," and are "directly and comprehensively contradicted by documentary evidence." [Doc. 27] at 4-5. In its reply, Defendant argues as follows:

> Even if the plaintiff were to ultimately prevail on that issue at trial, the question at this stage is not "who is right" but "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014). If the facts ultimately support VG's position, the Court must enter a judgment in VG's favor since an employee may only sue an "employer" under Title VII. *Perry v. VHS San Antonio, LLC*, 990 F.3d 918, 926 (5th Cir. 2021).

[Doc. 28] at 4.

The undersigned agrees. The arguments made by the pro se Plaintiff are relevant regarding whether Venanpri Group was her employer; however, at this stage of the litigation where the Court is determining whether to set aside entry of default, the third factor weighs in favor of setting aside

default so that Venanpri Group may present its defenses to this suit and Plaintiff may provide her arguments in response thereto.

Lastly, with regard to the timeliness of the request to set aside default, the entry of default was just entered by the Clerk on May 8, 2026. Venanpri Group filed the instant motion a mere six days later. In response, Plaintiff argues that the "relevant question is not how quickly VG acted after the default – it is why VG waived months after being properly served on February 18, 2026 to properly defend this action at all." [Doc. 27] at 8. However, Plaintiff is mistaken, as the Fifth Circuit has provided that one of the relevant questions is whether a "defendant acted expeditiously to correct the default." *Lacy*, 227 F.3d at 292. Thus, due to the short delay, this factor also weighs in Venanpri Group's favor.

Having considered the *Lacy* factors and given the great preference of this Court to have claims adjudicated on their merits, the Court finds good cause to set aside the entry of default and orders the entry of default be set aside.

### Conclusion

For the foregoing reasons, Defendant Venanpri Group's Motion to Set Aside Clerk's Entry of Default [Doc. 21] shall be and is hereby GRANTED, and Venanpri Group is directed to proceed with filing its motion to dismiss attached as Exhibit 1 to the instant motion within three (3) business days. A case management order will be separately docketed.

SO ORDERED this the 11th day of June, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**